Submitted on record and briefs December 14, 2006, affirmed
May 30, 2007

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MATTHEW BENJAMIN MILLER,
*Defendant-Appellant.*

Marion County Circuit Court
04C55291; A128219

159 P3d 1293

Mary M. Reese filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge,* and Rosenblum, Judge.

PER CURIAM

---

* Brewer, C. J., *vice* Linder, J.

## PER CURIAM

Defendant was convicted by a unanimous jury of two counts of fourth-degree assault.[1] ORS 163.160. Although the state charged defendant with only two counts of assault, there was evidence from which a jury could conclude that he assaulted the victim three times—once by poking her eye with his finger, once by dragging her by her wrists, and once by pulling her into a bear hug and putting his hands around her neck, causing it to crack. He argues on appeal that the trial court erred in failing to instruct the jury that, on each count, at least 10 of its members had to agree on the particular incident for which it convicted defendant. He acknowledges that he did not request such an instruction at trial, but he urges us to address the asserted error as plain error. The state initially conceded that the trial court committed plain error. However, in its Supplemental Memorandum, it appears to have withdrawn that concession in light of this court's recent opinion in *State v. Rodriguez-Castillo*, 210 Or App 479, 151 P3d 931 (2007).

Under *State v. Sparks*, 336 Or 298, 83 P3d 304, *cert den*, 543 US 893 (2004), the error, if any, is not plain. "[I]f there is evidence of more than one incidence of a particular crime, as long as the same perpetrator and victim are involved in each incident, failing to instruct the jury that it must agree on the same set of underlying facts does not constitute plain error." *Rodriguez-Castillo*, 210 Or App at 500 (lead opinion) (citing *Sparks*); *see also id.* at 530 (Wollheim, J., dissenting) (agreeing with the lead opinion as to the jury concurrence instruction issue). The indictment in this case alleged in each count that there was one defendant and one victim, both of whom were identified by name. There is no evidence indicating that anyone other than defendant was the perpetrator of the assaults or that there was more than one possible victim. It is not "obvious" that the jury's possible failure to agree as to how the victim was injured would violate the jury concurrence rule. Therefore, under *Sparks*, the

---

[1] The jury also convicted defendant of one count of second-degree kidnapping. ORS 163.225. Defendant does not challenge that conviction on appeal.

trial court did not commit plain error by failing to give a jury concurrence instruction.

Affirmed.